

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, Receiver for Megafund Corporation and Lancorp Financial Group, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3-06CV0959-L |
| v. | § § | (JURY TRIAL DEMANDED) |
| GARY McDUFF, Individually and d/b/a SOUTHERN TRUST COMPANY and FIRST GLOBAL FOUNDATION, ROBERT REESE, Individually and d/b/a EXCEL FINANCIAL, INC., and SHANNON McDUFF, Individually and d/b/a SECURED CLEARING CORP., | § § § § § § § § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael J. Quilling, in his capacity as Receiver for Megafund Corporation and Lancorp Financial Group, LLC, ("Receiver") and files this his Complaint against Gary McDuff, individually and d/b/a Southern Trust Company and First Global Foundation, Robert Reese, and Shannon McDuff and in support of such would respectfully show unto the Court as follows:

### Parties

1. Michael J. Quilling is the Receiver for Megafund Corporation and Lancorp Financial Group LLC, and other associated individuals and entities in an action pending before the United States District Court for the Northern District of Texas, Dallas Division, the Honorable Sam A. Lindsay presiding.

2. Defendant Gary McDuff, individually and d/b/a Southern Trust Company and First Global Foundation, is an individual residing in Texas who may receive service of process at 1318 Minchen Drive, Deer Park, Texas 77536.

3. Defendant Robert Reese is an individual residing in California who may receive service of process at 316 Mid Valley Center, #157, Carmel, California 93923.

4. Defendant Shannon McDuff is an individual residing in Texas who may receive service of process at 1314 Minchen Drive, Deer Park, Texas 77536.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action because the stated transactions involve Receivership Assets as described in the Court's Order Appointing Receiver. That Order states that all disputes relating to Receivership Assets must be filed in this Court. Furthermore, this Court has subject matter jurisdiction, in personam jurisdiction, and in rem jurisdiction under 28 U.S.C. § 754, § 1692, and Fed. R. Civ. P. 4(k)(1)(D).

6. Venue for this action is proper in the Northern District of Texas because: (1) this action is ancillary to the SEC Proceedings pending in this District; (2) the Receiver was appointed in this District; and (3) this action involves Receivership Assets within the meaning of the Order Appointing the Receiver, requiring that all such disputes be filed in this District.

## Appointment of Receiver

7. On July 1, 2005 the Securities and Exchange Commission ("SEC") filed an action against numerous individuals and entities accused of defrauding millions of dollars from investors. That case is pending before the United States District Court for the Northern District of Texas in *Securities and Exchange Commission v. Megafund Corporation, et al.*, Case No. 3:05-CV-1328-L. In connection with that case, the SEC sought to have a Receiver appointed for the Defendants and

Relief Defendant. By Order dated July 5, 2005 the Court appointed Michael J. Quilling as Receiver for Megafund Corporation and others. He has since continued to function in that capacity. The Receiver filed notice of his appointment in the United States District Court for the Northern District of California on July 8, 2005, as required by 28 U.S.C. § 754. That notice is on file the Clerk as CV-05-80154-MISC.

8. The Court issued another Order on January 20, 2006 expanding the receivership to include Lancorp Financial Group, LLC and appointing Michael J. Quilling to act as Receiver. He has since continued to function in that capacity.

9. On May 11, 2006, the Court overseeing the SEC case issued an Order Reappointing Receiver for all entities and individuals in receivership. On May 19, 2006 the Receiver filed notice of his appointment in the United States District Court for the Southern District of Texas as required by 28 U.S.C. § 754. That notice is on file with Clerk as 06-CV-206.

10. The Receiver now brings this action against the Defendants to recover assets fraudulently transferred out of Megafund Corporation and Lancorp Financial Group, LLC.

## Background Facts

11. Stanley A. Leitner ("Leitner") operated a *Ponzi* scheme and fraudulent investment program through an entity under his direction and control called Megafund Corporation ("Megafund"). Leitner relied on friends and associates to solicit investors for Megafund in exchange for commissions or other compensation. These investors sent money to Megafund's accounts at Wells Fargo Bank and SouthTrust Bank, believing Leitner would supervise those investments. Leitner assured investors that their funds would be sent to a "Trader" to execute various trades on their behalf and that their principal investments were never at risk. As Megafund received investor funds, however, Leitner fraudulently diverted large amounts as *Ponzi* payments to previous investors

and for other expenses not related to the investment program. Megafund was never managed in a manner consistent with Leitner's representations.

12.     Gary McDuff ("McDuff") was one of Leitner's associates who helped solicit new investors. He was instrumental in recruiting contributions from Lancorp Financial Fund Business Trust ("Lancorp"), which ultimately became Megafund's largest investor. Between February 2005 and May 2005, Lancorp sent $9,365,000.00 to Megafund on behalf of its numerous individual investors. For his efforts, McDuff received $175,835.00 in compensation from Megafund plus an additional $128,437.58 of shared "profit earnings" from Lancorp. Bank statements and corporate records show that McDuff had these funds sent to accounts in the name of MexBank SA de C.V. ("MexBank"), which were then transferred to various accounts at Cash Cards International, Inc. ("CCI") maintained by Gary McDuff, Shannon McDuff, and Robert Reese (collectively, "Defendants").

13.     Assets from the Megafund Receivership Estate are clearly traced to Gary McDuff's home in Deer Park, Texas, as well as several accounts maintained by the Defendants. On April 26, 2005 Megafund wired $175,835.00 to MexBank's account at CCI. The next day $170,000.00 of those funds were forwarded to an account held by Gary McDuff/Southern Trust Company. From there, McDuff used $152,401.55 to purchase his home at 1318 Minchen Drive in Deer Park, Texas, and transferred another $11,500.00 to an account managed by Shannon McDuff/Secured Clearing Corp. A summary of these transactions is attached and fully incorporated for all purposes as Exhibit "A".

14.     Similarly, assets from the Lancorp Receivership Estate can be traced to various accounts held by the Defendants. On March 29, 2005, Lancorp wired $128,437.58 to MexBank's account at Union Bank of California. Within a week, $70,000.00 of those funds were forwarded to

an account at CCI managed by Gary McDuff/First Global Foundation. McDuff then distributed $45,792.89 to Robert Reese/Excel Financial, Inc. and an additional $4,000.00 to Shannon McDuff/Secured Clearing Corp. These transactions are also depicted in Exhibit "A".

15. These assets, including the house at 1318 Minchen Drive, are undoubtedly proceeds from *Ponzi* scheme commissions and, therefore, fraudulent transfers as a matter of law. Accordingly, Defendants have no legitimate claim to these assets and must surrender them to the Receivership Estate.

## COUNT ONE

### Constructive Trust & Disgorgement

16. The Receiver incorporates paragraphs 1 through 15 set forth above, as if set forth verbatim herein.

17. In his capacity, the Receiver has a claim and interest in funds belonging to the above-named parties, along with any transfers, benefits, proceeds, or their equivalent value that can be traced to those funds. The funds paid to and obligations satisfied on behalf of Defendants constitute and are directly traceable to the funds of the defrauded investors. As such, they are impressed with a constructive trust and constitute Receivership Assets. Defendants should be required to disgorge their ill-gotten gains.

18. Pursuant to principles of equity, the Receiver seeks the imposition of a constructive trust upon all funds paid to Defendants and any property purchased, directly or indirectly, with those funds. The Receiver seeks disgorgement of all such assets, including the property at 1318 Minchen Drive or, alternatively, a money judgment in an amount equal to the funds received.

## COUNT TWO

### Fraudulent Transfer

19. The Receiver incorporates paragraphs 1 through 18 set forth above as if set forth verbatim herein.

20. The Megafund investment program was fraudulent and a *Ponzi* scheme. Consequently, all funds and benefits Defendants received from Megafund—either directly or through Lancorp—constitute fraudulent transfers. The Receiver is entitled to recover those assets or their proceeds from Defendants or, alternatively, a money judgment in the amount of funds received.

## COUNT THREE

### Fees, Expenses, Costs and Interest

21. The Receiver incorporates paragraphs 1 through 20 set forth above as if set forth verbatim herein.

22. As a direct result of the conduct of Defendants, as alleged above, it has been necessary for the Receiver to file this action. The Receiver sues for all costs, expenses, attorneys' fees and pre-judgment and post-judgment interest to which he is entitled under the law or at equity.

WHEREFORE, PREMISES CONSIDERED, the Receiver prays that upon final trial hereof the Court enter judgment in favor of the Receiver and against Defendants as follows: (1) $15,500.00 from Shannon McDuff, Individually and d/b/a Secured Clearing Corp.; (2) $45,792.89 from Robert Reese, Individually and d/b/a Excel Financial, Inc.; and (c) $242,979.69 from Gary McDuff, Individually and d/b/a Southern Trust Company and First Global Foundation. The Receiver further prays that the Court order Gary McDuff, Individually and d/b/a Southern Trust Company, to surrender the property at 1318 Minchen Drive in Deer Park, Texas, for resale by the Receivership Estate as a credit toward the judgment owed. Finally, the Receiver prays for pre- and post-judgment

interest, attorneys' fees, costs of court, and for such other and further relief, general or special, at law or in equity, to which the Receiver may show himself justly entitled.

                Respectfully submitted,

                QUILLING SELANDER CUMMISKEY & LOWNDS, P.C.
                2001 Bryan Street, Suite 1800
                Dallas, Texas 75201
                Telephone (214) 871-2100
                Facsimile (214) 871-2111

By: _____
      Michael J. Quilling
      State Bar No. 16432300
      Email: mquilling@qsclpc.com
      D. Dee Raibourn, III
      State Bar No. 24009495
      Email: draibourn@qsclpc.com
      Brent J. Rodine
      State Bar No. 24048770
      Email: brodine@qsclpc.com

      ATTORNEYS FOR RECEIVER

# EXHIBIT "A"



%JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED MAY 30 2006 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

ORIGINAL

## I. (a) PLAINTIFFS
Michael J. Quilling, Receiver for Megafund Corporation and Lancorp Financial Group, LLC

**DEFENDANTS**
Gary McDuff, Individually and d/b/a Southern Trust Company and First Global Foundation, Robert Reese, et al.

(b) County of Residence of First Listed Plaintiff _____Dallas_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Quilling Selander Cummiskey & Lownds, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, (214) 871-2100

Attorneys (If Known)

**3-06CV0959-L**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

Brief description of cause: Constructive trust and fraudulent transfer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23
DEMAND $ 305,000.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE Sam A. Lindsay   DOCKET NUMBER 3:05-CV-1328-L

DATE 5/30/06   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____