IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, as Receiver for Megafund Corporation and Lancorp Financial Group, LLC | § § § § | |
| Plaintiff, | § § | NO. 3-06-CV-0959-L |
| VS. | § § | |
| GARY McDUFF, ET AL. | § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Gary McDuff, appearing *pro se*, has filed a motion to dismiss this case for lack of subject matter jurisdiction. For the reasons stated herein, the motion should be denied.

I.

This civil action arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants and relief-defendants involving the sale of unregistered securities. *SEC v. Megafund Corp.*, No. 3-05-CV-1328-L ("the *Megafund* Litigation"). In that case, the SEC alleges that the defendants, including Megafund Corporation ("Megafund") and Lancorp Financial Group, LLC ("Lancorp"), raised more than $13 million from unwitting investors by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale of securities would be used to benefit charitable causes. On July 5, 2005, the court appointed Michael J. Quilling as the Receiver for all defendants in the *Megafund* Litigation. In that capacity, Quilling was authorized to:

>   take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [the named defendants and relief defendant] and any entities they control ("Receivership Assets"), and the books and records of the Defendants and Relief Defendant ("Receivership Records").

*See* Order, 7/5/05 at 1-2, ¶ I(1)).  The order further provides:

>   The Receiver is hereby authorized to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of Receivership Assets or proceeds therefrom, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of Receivership Assets.
>
>   The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to person or entities who received assets or funds traceable to investor monies.  All such actions shall be filed in this Court.

*Id.* at 5-6, ¶ I(12) & (13)).

On May 30, 2006, the Receiver filed this action to recover more than $300,000 in investor funds allegedly transferred to Gary McDuff by Megafund and Lancorp.  According to the Receiver, McDuff laundered the money through various accounts at MexBank SA de C.V. ("MexBank") before the funds were deposited into accounts at Cash Cards International, Inc. ("CCI") maintained by him, Shannon McDuff, and Robert Reese.  (*See* Plf. Compl. at 4, ¶ 12).  The Receiver also seeks an order requiring McDuff to surrender his property at 1318 Minchen Drive in Deer Park, Texas, which allegedly was purchased with investor funds.  (*See id.* at 4-5, ¶¶ 13, 15).  McDuff has not answered the complaint.[1]  Instead, he filed a pleading entitled "Respondent's Challenge to

---

[1] Robert Reese is the only defendant to file an answer.  On September 25, 2006, the clerk entered a default against Shannon McDuff, who was served with process but failed to appear herein.

Jurisdiction," which the court has construed as a motion to dismiss for lack of subject matter jurisdiction.[2]  As grounds for his motion, McDuff argues that he "has not entered into any commercial transactions with the United States Corporation, nor has [he] requested any benefits from that corporation." (Def. Mot. at 2).  McDuff further contends that there is no evidence he used investor funds to purchase the property in Deer Park, Texas.  The motion has been briefed by the parties and is ripe for determination.

II.

A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper.  *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996); *Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).  In this case, that burden falls on the Receiver.  The allegations of his complaint must be taken as true and all inferences drawn in his favor.  *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985).  However, dismissal is warranted if those allegations, together with any undisputed facts, establish that the district court lacks jurisdiction.  *See Saraw Partnership*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

McDuff appears to argue that the court lacks jurisdiction to hear this case because he never entered into any commercial transactions with the "United States Corporation" and has not requested any benefits from such corporation.  This argument is patently frivolous.  McDuff has been sued by a court-appointed Receiver to recover more than $300,000 in investor funds allegedly transferred to him by Megafund and Lancorp.  The court clearly has subject matter jurisdiction in the underlying

---

[2] In his reply, McDuff challenges the characterization of his pleading as a motion to dismiss.  However, such a motion is the only proper means of attacking the court's subject matter jurisdiction.

receivership action, which involves violations of federal securities laws. *See* 28 U.S.C. § 1331 (federal district courts have subject matter jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States"). "It is established law that a federal court which appoints a receiver has ancillary jurisdiction over all suits brought by the receiver in furtherance of the receivership." *Quilling v. Cristell*, No. Civ. A. 3-04-CV-252, 2006 WL 316981 at *4 (W.D.N.C. Feb. 9, 2006), *quoting City of Detroit v. Michigan*, 538 F.Supp. 1169, 1127 (E.D. Mich. 1982). *See also* 12 Wright, Miller & Marcus, Federal Practice and Procedure § 2985 (2d ed. 1997), *quoting Pope v. Louisville, New Albany & Chicago Ry. Co.*, 173 U.S. 573, 577, 19 S.Ct. 500, 501, 43 L.Ed. 814 (1899) ("A federal receiver may sue in the court of his or her appointment 'to accomplish the ends sought and directed by the suit in which the appointment was made,' and 'such action or suit is considered as ancillary' to the court's original subject matter jurisdiction."). Such is the case here. The Receiver need not establish an independent basis for federal subject matter jurisdiction in his lawsuit against McDuff. It is enough that the case arises out of and is brought in furtherance of the underlying receivership proceeding.

     Nor is the Receiver required to adduce evidence at this preliminary stage to support his claims. Rather, he need only plead facts which, if proved at trial, establish a basis for federal subject matter jurisdiction. Here, the Receiver has alleged that McDuff received more than $300,000 from Megafund and Lancorp as compensation for his role in soliciting new investors into an illegal *Ponzi* scheme. Some of those funds were allegedly used by McDuff to purchase a house in Deer Park, Texas. These allegations, viewed in the light most favorable to the Receiver, are sufficient to establish a jurisdictional basis for the fraudulent transfer, constructive trust, and disgorgement claims against McDuff.

**RECOMMENDATION**

Gary McDuff's motion to dismiss for lack of subject matter jurisdiction [Doc. #20] should be denied.  McDuff should be ordered to file an answer that complies with the requirements of Fed. R. Civ. P. 8(b) within 10 days after these findings are adopted by the district judge.  If he fails to do so, the Receiver may seek entry of a default and a default judgment in accordance with Fed. R. Civ. P. 55(a) & (b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  October 2, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE