IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, RECEIVER FOR MEGAFUND CORPORATION AND LANCORP FINANCIAL GROUP, LLC, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:06-CV-0959-L |
| v. | § § | |
| GARY MCDUFF, et al., | § § § | |
| Defendants. | § | |

## ORDER

This case arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants and relief-defendants for an alleged fraudulent investment scheme whereby Megafund Corporation ("Megafund"), an unlicensed securities broker, solicited investor funds by making false representations, and ultimately diverted the invested funds for *Ponzi* payments to earlier investors and other undisclosed expenditures. *See SEC v. Megafund Corp., et al.*, No. 3-05-CV-1328-L ("*Megafund* litigation"). On July 5, 2005, the court appointed Michael J. Quilling as the Receiver for all defendants in the *Megafund* litigation. On May 30, 2006, the Receiver filed this action against Gary McDuff ("Defendant" or "McDuff"), seeking to recover more than $300,000 in investor funds allegedly transferred to McDuff and others.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to United States Magistrate Judge Jeff Kaplan for pretrial management. On August 18, 2006, Defendant McDuff filed "Respondent's Challenge to Jurisdiction," which the magistrate judge construed as a motion to dismiss for lack of subject matter jurisdiction. On October

2, 2006, the Findings and Recommendation of the United States Magistrate Judge were filed, recommending that the court deny the motion to dismiss for lack of subject matter jurisdiction. No objections were filed.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. They are **accepted** as those of the court. Accordingly, the court **denies** "Respondent's Challenge to Jurisdiction," which the court construes as a motion to dismiss for lack of subject matter jurisdiction. McDuff shall file an answer in accordance with the Federal Rules of Civil Procedure. His failure to do so will entitle the Receiver to seek a default and default judgment against him.

**It is so ordered** this 23rd day of October, 2006.

_____
Sam A. Lindsay
United States District Judge