IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, Receiver for Megafund Corporation and Lancorp Financial Group, LLC, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:06-CV-0959-L (BD) |
| v. | § § § | **ECF** |
| GARY McDUFF, Individually and d/b/a SOUTHERN TRUST COMPANY and FIRST GLOBAL FOUNDATION, ROBERT REESE, Individually and d/b/a EXCEL FINANCIAL, INC., and SHANNON McDUFF, Individually and d/b/a SECURED CLEARING CORP., | § § § § § § § § § | **Referred to the U.S. Magistrate Judge** |
| Defendants. | § | |

**MOTION FOR TURNOVER ORDER ENFORCING
CONSTRUCTIVE TRUST AND BRIEF IN SUPPORT**

TO THE HONORABLE JEFF KAPLAN, UNITED STATES MAGISTRATE JUDGE:

COMES NOW, Michael J. Quilling, in his capacity as Receiver for Megafund Corporation and Lancorp Financial Group, LLC, ("Plaintiff" or "Receiver") and files this Motion for Turnover Order Enforcing Constructive Trust. In support of his motion, the Receiver would respectfully show the Court as follows:

**I.
BACKGROUND FACTS**

1. This Motion is supported by the Affidavit of Michael J. Quilling, Receiver (the "Receiver's Affidavit"), which is attached and fully incorporated for all purposes as Exhibit "A".

2. On July 1, 2005, the Securities and Exchange Commission ("SEC") initiated *SEC v. Megafund Corporation, et al.,* Civil Action No. 3:05-CV-1328 (N.D. Tex.). In connection

therewith, the SEC sought to have a Receiver appointed for the defendants and relief defendant in that case. The Court appointed Michael J. Quilling as Receiver for Megafund Corporation ("Megafund"), Lancorp Financial Group, LLC ("Lancorp"), and other related individuals and entities and he has since continued to function in that capacity. *Order Appointing Temporary Receiver* ("Order Appointing Receiver") [Dkt. No. 9], as amended on Jan. 20, 2006 [Dkt. No. 84], Mar. 1, 2006 [Dkt. No. 98] (3:05-CV-1328).

3. The Order Appointing Receiver expressly authorized the Receiver to file lawsuits as necessary to collect or reclaim assets on behalf of the receivership estate:

> The Receiver is hereby authorized to institute...such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to institute...such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation, and maintenance of the Receivership Assets.

*Order Appointing Receiver* [Dkt. No. 9] at ¶ 12 (3:05-CV-1328).

4. Accordingly, the Receiver commenced this lawsuit against Gary McDuff, individually and d/b/a Southern Trust Company and First Global Foundation, ("Defendant") and other related individuals and entities. *Receiver's Declaration*, Exhibit "A" at ¶ 4. That suit sought to recover fraudulent transfers totaling at least $304,272.58 that were at all times held in constructive trust for the defrauded investors of Megafund and Lancorp. *Id.* Receivership records show that Defendant used those funds to, among other things, purchase real property located at 1318 Minchen Drive in Deer Park, Texas (the "Deer Park Property"). *Id.*

5. On January 23, 2007, this Court entered judgment [Dkt. No. 41] for the Receiver and against the Defendant in the amount of $304,272.58, along with pre- and post-judgment interest. That judgment further directs that "[a] constructive trust is imposed on the property at 1318 Minchen

Drive in Deer Park, Texas and any improvements thereon." In aid of that judgment, the Receiver now seeks a turnover order enforcing that constructive trust and directing sale of that property for the Receivership Estate's benefit.

## II.
## ARGUMENTS AND ANALYSIS

The Federal Rules of Civil Procedure contemplate post-judgment proceedings when necessary to enforce a judgment. Fed. R. Civ. P. 69(a) (permitting "proceedings supplementary to and in aid of a judgment"); *Gagan v. Monroe,* 269 F.3d 871, 873 (7th Cir. 2001) ("Federal Rule of Civil Procedure 69(a) allows a judgment creditor . . . to return to the District Court where the judgment was entered and seek the district court's assistance in enforcing the judgment."). In this case, the Receiver asks the Court to fashion an equitable post-judgment remedy through the "broad powers and wide discretion" that it exercises in receivership proceedings like this one. *See SEC v. Basic Energy & Aff'd Resources, Inc.,* 273 F.3d 657, 668 (6th Cir. 2001).[1]

In particular, the Receiver now asks this Court to enforce the Receivership Estate's rights as sole beneficiary of the constructive trust imposed upon the Deer Park Property. District Courts overseeing federal equitable proceedings routinely impose constructive trusts upon real property in accordance with both federal and state common law. *See In re Maple Mortgage, Inc.,* 81 F.3d 592, 596 (5th Cir. 1996); *Sun Life Assurance Co. v. Dunn,* 134 F. Supp. 827, 835 (S.D. Tex. 2001) ("Under both federal and Texas law, the imposition of a constructive trust is an equitable remedy."). However, federal common law generally provides a more expansive definition and application of constructive trusts than does state law. *U.S. v. McConnell,* 258 B.R. 869, 872-73, n.2 (N.D. Tex.

---

[1] Although Defendant is currently appealing the final judgment entered against him, this Court denied Defendant's application to stay that judgment pending appeal. *Order*, Feb. 1, 2007 [Dkt. No. 45]. Accordingly, the Receiver may undertake this and other actions to enforce the Receivership Estate's rights against the Deer Park Property. *See also* Fed. R. Civ. P. 62(a) (recognizing that parties to receivership actions are generally entitled to prompt relief following judgments entered by the District Court).

2001). Typically, a constructive trust is an equitable device used by courts of equity to remedy a wrong. *In re Maple Mortgage, Inc.,* 81 F.3d at 596; *Wheeler v. Blacklands Production Credit Assoc.,* 627 S.W.2d 846, 849 (Tex. App.—Fort Worth 1982). The court imposing the constructive trust enjoys both discretion and jurisdiction to reach the property as necessary to obtain "complete justice" and to "secure the benefit of the property" for the defrauded investors. *Wheeler,* 627 S.W.2d at 849. At its heart, a constructive trust allows the court to impose these broad and flexible remedies "in order to satisfy the demands of justice." *Id.* at 850; *see also Dyll v. Adams,* 167 F.3d 945, 948 (5th Cir. 1999) ("There is no unyielding formula to which a court of equity is bound in decreeing a constructive trust, since the equity of the transaction will shape the measure of the relief granted."). In practice, courts enforce the rights of beneficiaries to a constructive trust involving real property by imposing and foreclosing an equitable lien upon the property and issuing an order for sale. *See, e.g., Gensheimer v. Kneisley,* 778 S.W.2d 138, 139 (Tex. App.—Texarkana 1989) (stating that the trial court "established a constructive trust and lien against property" and "ordered a foreclosure of the lien and ordered the sale of the property to satisfy the judgment"); *Teve Holdings Ltd. v. Jackson,* 763 S.W.2d 905, 906 (Tex. App.—Houston [1st Dist.] 1988) (ordering sale of property to satisfy judgment imposing constructive trust); *Gaffney v. Kent,* 74 S.W.2d 176, 176-77 (Tex. App.—San Antonio 1934) (foreclosing lien created by constructive trust and ordering sale of the defendant's homestead). This remedy may be available even when defendants claim that the property is exempt from execution under state homestead laws. *See, e.g., Moody v. Moody,* 862 F.2d 1194, 1200 (5th Cir. 1989); *Kostelnik v. Roberts,* 680 S.W.2d 532, 536 n.1 (Tex. App.—Corpus Christi 1984).

      The Deer Park Property is undoubtedly a Receivership Asset to be recovered in satisfaction of the Receiver's judgment against Defendant. *See Order Appointing Receiver* at ¶ 13. As such,

the Receiver respectfully requests that it be sold and its proceeds paid in the following order: (1) to cover the cost of sale, including any maintenance or holding costs incurred by the Receiver before the sale; (2) to fully satisfy the Receiver's judgment along with pre- and post-judgment interest; and (3) to pay all remaining proceeds to the Defendant. The Receiver also seeks possession of the Deer Park Property pending its sale to prevent damage from Defendant's family, who continue to use and/or reside in that property. *Receiver's Declaration*, Exhibit "A" at ¶ 5.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court enter an order awarding the Receiver: (1) immediate possession of the Deer Park Property; (2) imposition of an equitable lien consistent with the constructive trust imposed in this Court's previous judgment; (3) foreclosure of that lien; (4) a writ or order for sale of that property by the appropriate local authorities; and (5) a ruling that the Receiver may use his outstanding judgment amount as a credit towards the purchase of that property at the court ordered sale. The Receiver also asks for such other and further relief, general or special, at law or in equity, to which he may otherwise show himself entitled.

        Respectfully submitted,

        QUILLING SELANDER CUMMISKEY & LOWNDS, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

By:   */s/ Michael J. Quilling*
      Michael J. Quilling
      State Bar No. 16432300
      Email: mquilling@qsclpc.com
      D. Dee Raibourn, III
      State Bar No. 24009495
      Email: draibourn@qsclpc.com
      Brent J. Rodine
      State Bar No. 24048770
      Email: brodine@qsclpc.com

      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

The Receiver's counsel has been unable to contact Defendant to discuss this motion as required by Local Civil Rule 7.1. The Receiver, however, presumes that Defendant opposes the requested relief.



*/s/ Michael J. Quilling*

## CERTIFICATE OF SERVICE

On the 6th day of April, 2007 a true and correct copy of the above and foregoing was sent via first class mail, with full and proper postage prepaid thereon, to:

Gary McDuff
1314 Minchen Drive
Deer Park, Texas 77536

*/s/ Michael J. Quilling*