IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, as Receiver for Megafund Corporation and Lancorp Financial Group, LLC | § § § § | |
| Plaintiff, | § § | NO. 3-06-CV-0959-L |
| VS. | § § | |
| GARY McDUFF, ET AL. | § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael J. Quilling, as Receiver for Megafund Corporation and related entities, has filed a motion for a turnover over enforcing a constructive trust and directing the sale of certain real property located at 1318 Minchen Drive, Deer Park, Texas ("Deer Park Property"). For the reasons stated herein, the motion should be granted.

I.

On January 23, 2007, the Receiver obtained a $304,272.58 judgment against Gary McDuff, Individually and d/b/a Southern Trust Company. As part of the judgment, the court found that McDuff purchased the Deer Park Property "with investor funds obtained through an illegal *Ponzi* scheme" and imposed a constructive trust on the property and any improvements thereon. *See* Judgmt., 1/23/07 at 1. Although McDuff has appealed the judgment, he has not posted a supersedeas bond. The Receiver therefore seeks a turnover over enforcing the constructive trust and directing the sale of the Deer Park Property for the benefit of the Megafund Receivership Estate.

A show cause hearing was held on May 4, 2007. McDuff was ordered to attend this hearing in person, then and there to show cause why the Receiver was not entitled to a turnover order as requested in his application. *See* Order, 4/9/07. Although McDuff was duly notified of the hearing, he failed to appear as required.[1] The court therefore decides the motion based on the uncontroverted evidence presented by the Receiver.

II.

A federal court may enforce a monetary judgment "in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a). Texas law provides for the collection of a judgment through a court proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 1997). The judgment creditor must show that the debtor owns non-exempt property that cannot be readily attached or levied on by ordinary legal process. *Id.* § 31.002(b); *Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 306 (Tex. App.--Dallas 1992, no writ). The court may then issue an injunction, appoint a receiver, or order the debtor to turn over non-exempt property for execution. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b); *see also Quilling v. Pursehouse*, No. 3-99-CV-1295-M, 2001 WL 257947 at *2 (N.D. Tex. Mar. 9, 2001) (Kaplan, J.), *rec. adopted*, 2001 WL 322507 (N.D. Tex. Mar. 29, 2001) (citing cases).

The Receiver seeks a turnover order to enforce a constructive trust previously imposed on the Deer Park Property. It is clear that the Receiver, who holds a $304,272.58 judgment against McDuff, is a "judgment creditor" within the meaning of the turnover statute. The Deer Park Property, which the court has found was purchased with investor funds obtained through an illegal *Ponzi* scheme, is

---

[1] On May 2, 2007, the Receiver filed a supplemental brief advising that McDuff has fled to Mexico in an apparent attempt to evade personal service of the show cause order. The court previously directed the clerk to serve a copy of the show cause order on McDuff at the address listed in his pleadings. Such service satisfies the requirements of Fed. R. Civ. P. 5(a) & (b)(2). Even if McDuff was not served with the show cause order, the court is authorized to issue a turnover order *ex parte*. *See Ex parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983).

not exempt from attachment, execution, or seizure for the satisfaction of liabilities. In fact, the judgment against McDuff expressly imposes a constructive trust against the property. The court further finds that the Deer Park Property, which consists of a lot and improvements, cannot readily be attached or levied on by ordinary legal process. In order to secure the property for the benefit of defrauded investors, the Receiver must foreclose on the equitable lien created by his judgment and obtain an order authorizing him to sell the property. Texas courts have long recognized the authority of a court to order such relief to enforce a constructive trust against real property. *See, e.g. Gensheimer v. Kneisley*, 778 S.W.2d 138, 139 (Tex. App.--Texarkana 1989, no writ); *Teve Holdings Ltd. v. Jackson*, 763 S.W.2d 905, 906 (Tex. App.--Houston [1st Dist.] 1988, no writ); *Gaffney v. Kent*, 74 S.W.2d 176, 177 (Tex. App.--San Antonio 1934, no writ). Without any controverting evidence from McDuff, the court has little difficulty in concluding that the Receiver is entitled to a turnover order.

## **RECOMMENDATION**

The Receiver's motion for turnover order [Doc. #53] should be granted. The court should enter an order:

1. awarding the Receiver immediate possession of the property located at 1318 Minchen Drive, Deer Park, Texas;

2. imposing an equitable lien on the Deer Park Property consistent with the constructive trust created by the terms of the final judgment entered on January 23, 2007, and authorizing the Receiver to foreclose on that lien;

3. directing the clerk to issue all appropriate writs and processes for the sale of the Deer Park Property; and

4. authorizing the Receiver to use the outstanding amount of the judgment against McDuff as a credit towards the purchase of the Deer Park Property at the court ordered sale.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 4, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE